PETERSON, J.
Catherine Louise Waler petitions for certiorari review of the trial court’s order dismissing her petition for an injunction against “dating violence” pursuant to section 784.046(2)(b), Florida Statutes (2004). The trial court denied Waler’s petition as being insufficient after an ex parte hearing. We treat the petition for certiorari as an appeal of a non-final order that denies an injunction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), and reverse.
Section 784.046, Florida Statutes, provides in relevant parts:
(l)(a) “Violence” means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.
* * *
(d) “Dating violence” means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on the consideration of the following factors:
1. A dating relationship must have existed within the past six months;
2. The nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties; and
3. The frequency and type of interaction between the persons involved in the relationship must have included that the persons have been involved over *973 time and on a continuous basis during the course of the relationship.
[[Image here]]
(2)(b) Any person who is the victim of dating violence and has reasonable cause to believe he or she is in imminent danger of becoming the victim of another act of dating violence, or any person who has reasonable cause to believe he or she is in imminent danger of becoming the victim of an act of dating violence, ... has standing in the circuit court to file a sworn petition for an injunction for protection against dating violence.
Our review of Waler’s petition to the trial court indicates that she complied with the required allegations entitling her to a full hearing on her petition. She alleged that she had a dating relationship with Aaron Wade Lovett from June 4, 2004 to October 31, 2004, thereby satisfying the requirement that the petitioner had a relationship with the respondent -within six months of filing a petition and that the interaction during that period was frequent and intimate. Waler also alleged acts of violence committed by Lovett against her on at least two occasions, one in which her companion’s elbow was shattered by a club wielded by Lovett. On that occasion, Lovett also pointed the club at Waler as he entered his automobile to depart and told her that she was “dead.”
Based on the allegations of Waler’s petition, it appears that an immediate and present danger of violence exists; accordingly, we direct the trial court to grant Waler a temporary injunction pending a full hearing. § 784.046(6)(a), Fla. Stat. (2004).
REVERSED AND REMANDED.
SAWAYA, C.J., and PLEUS, J., concur.